Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., #780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

*Attorneys for Plaintiff, TROY KELLY, and all others similarly situated*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KELLY, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRIMERICA, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*)<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3) Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br>(4) Violation of Electronic Funds Transfer Act (15 U.S.C. §1693 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiff TORY KELLY ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action Complaint against Defendants PRIMERICA, INC., to stop Defendant's practice of cancelling consumer's insurance policy and continuing to debit funds from their checking accounts, after the policy was cancelled to obtain redress for a nationwide class of consumers ("Class Members") who purchased, within the applicable statute of limitations period, the products from Defendants (hereinafter collectively referred to as the "Class Products"). Plaintiff is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

2.     Defendant PRIMERICA, INC. is a Georgia corporation and is engaged in the business of selling insurance policies to consumers.

3.     Defendant sells insurance policies to consumers, such as Plaintiff, without later informing consumers, Defendant cancelled those policies and continued to withdraw funds from Plaintiff's, and other consumers', bank accounts, without their consent, for the cancelled policies.

4.     Plaintiff and others similarly purchased these insurance policies from Defendant.

5.     Defendant would proceed with canceling these policies, without Plaintiff's or other consumers' knowledge, and Defendant would continue taking large amounts of money from the bank accounts of Plaintiff and others similarly situated, which these consumers did not authorize.

6.     Defendants misrepresented and falsely advertised to Plaintiff and others similarly situated the content of the agreements that Defendants entered into with Plaintiff and others similarly situated.

7.     Defendants' misrepresentations to Plaintiff and others similarly

1  situated caused them to enter into agreements, which Plaintiff and others similarly
2  situated would not have entered absent these misrepresentations by Defendants
3  and its employees. In so doing, Defendants have violated California consumer
4  protection statutes and stole hundreds of thousands, if not millions, of dollars.

5  **JURISDICTION AND VENUE**

6  8.    This Court has jurisdiction under 28 U.S.C. § 1331 because this action
7  is brought pursuant to the EFTA, 15 U.S.C. 1693 et seq..

8  9.    Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1693(m),
9  which states that, "without regard to the amount in controversy, any action under
10  this section may be brought in any United States district court."

11  10.    Ancillary to Plaintiff's Class Claims arising under the EFTA, this
12  court has jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's individual
13  claims under California's False Advertising Act ("FAL"); California's Unfair
14  Competition Law ("UCL"); and California's Consumer Legal Remedies Act
15  ("CLRA") because together and along with Plaintiff's EFTA Class claims, they
16  form part of the same case or controversy or they arise under a common nucleus
17  of operative facts.

18  11.    Venue and personal jurisdiction in this District are proper pursuant to
19  28 U.S.C. § 1391(b) because Plaintiff resides within this District and Defendant
20  does or transact business within this District, and a material portion of the events
21  at issue occurred in this District.

22  **THE PARTIES**

23  12.    Plaintiff, TROY KELLY ("Plaintiff"), is a natural person residing in
24  Los Angeles County in the state of California, and is a "consumer" as defined by
25  15 U.S.C. §1693a(6).

26  13.    At all relevant times herein, Defendant, PRIMERICA, INC.
27  ("Defendant"), was a company engaged in the business of providing insurance
28

CLASS ACTION COMPLAINT

1  policies to consumers.

2      14.    The above named Defendant, and its subsidiaries and agents, are
3  collectively referred to as "Defendants."   The true names and capacities of the
4  Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are
5  currently unknown to Plaintiff, who therefore sues such Defendants by fictitious
6  names. Each of the Defendants designated herein as a DOE is legally responsible
7  for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend
8  the Complaint to reflect the true names and capacities of the DOE Defendants
9  when such identities become known.

10     15.    Plaintiff is informed and believes that at all relevant times, each and
11  every Defendant was acting as an agent and/or employee of each of the other
12  Defendants and was acting within the course and scope of said agency and/or
13  employment with the full knowledge and consent of each of the other Defendants.
14  Plaintiff is informed and believes that each of the acts and/or omissions
15  complained of herein was made known to, and ratified by, each of the other
16  Defendants.

17                          **FACTUAL ALLEGATIONS**

18     16.    In or around August of 2017, Plaintiff entered into an agreement with
19  Defendant, for the purchase of an insurance policy for Plaintiff's mother, where
20  Defendant would deduct funds from Plaintiff's bank account on a recurring basis.

21     17.    Defendant represented that after cancellation of the insurance policy,
22  Defendant would no longer automatically deduct funds from Plaintiff's bank
23  account.

24     18.    In or around August of 2017, Defendants cancelled Plaintiff's
25  insurance policy, without informing Plaintiff of their actions.    However,
26  Defendant continued to withdraw funds from Plaintiff's bank account from, on or
27  around, August 2017 to December 2017.

28

19.   In or around January of 2018, when Plaintiff contacted Defendant to give them updated banking information for the insurance policy, Defendant informed Plaintiff that his policy was cancelled in or around August of 2017.

20.   Since August of 2017 to December of 2017, Defendant withdrew $120 from Plaintiff's bank account to pay for an insurance policy that Defendant cancelled.

21.   Upon learning of Defendant's actions, Plaintiff immediately disputed the automatic withdrawal and asked Defendants to reverse the withdrawals.

22.   Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.\

23.   Plaintiff never provided Defendant with any written or oral authorization to deduct money electronically from his bank account after the cancellation of the insurance policy.

24.   Plaintiff was never informed of Defendant's cancellation of the agreement with Plaintiff.

25.   By their conduct as set forth above, Defendants intentionally appropriated, obtained, retained and deprived Plaintiff of his personal property of Plaintiff with the intent to defraud Plaintiff.

26.   At all relevant times, as set forth above, Defendants wrongfully took, appropriated, and obtained Plaintiff's personal property rights. ,

27.   At all relevant times, Defendants knew or should have known that their conduct set forth above was likely to be harmful to Plaintiff.

28.   At all relevant times, Defendants have been guilty of recklessness, oppression, fraud, and malice in the commission of the financial elder abuse of Plaintiff.

29.   When Plaintiff entered into an agreement with Defendant to purchase

CLASS ACTION COMPLAINT

the insurance policy, Defendant represented to Plaintiff that it will not automatically deduct funds from his bank account if the policy is cancelled. In fact, Defendant did continue to withdraw funds from Plaintiff's bank account after the insurance policy's cancellation.

30.    Defendant falsely represented to Plaintiff that Defendant would not automatically deduct funds from Plaintiff's bank account after the cancellation of the insurance policy.

31.    When Defendant entered into the agreement with Plaintiff for the purchase of the insurance policy, Defendant advertised that it will not deduct any funds from Plaintiff's bank account after cancellation. However, Defendant had no intent to abide by their representation, but intended to continue to deduct funds from Plaintiff's bank account for a policy that was not in effect.

32.    At the time of the agreement, Defendant and its agents made various abiding representations to Plaintiff, including but not limited to promises that Defendant will not automatically withdraw any funds from Plaintiff's bank account as payment for the insurance policy after the policy's cancellation.

33.    For this reason, Plaintiff was induced to and eventually decided upon signing an agreement with Defendant.

34.    However, despite the representations of Defendant, Defendant continued to deduct funds from Plaintiff's bank account after the cancellation of the policy.

35.    Upon learning this, Plaintiff felt ripped off and cheated by Defendant.

36.    Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

37.    Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendant's insurance policies.

38.     In purchasing these insurance policies, Plaintiff relied upon Defendant's representations.

39.     Plaintiff would not have purchased the product if he knew that the above-referenced statements made by Defendant were false.

40.     Had Defendant properly marketed, advertised, and represented the true nature of these agreements Plaintiff would not have signed the agreement.

41.     Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

42.     At all relevant times, the conduct of Defendant as set forth herein has been willfully misleading, fraudulent, false and oppressive.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

44.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendant, after Defendant cancelled their insurance policies, within the one year prior to the filing of this Complaint.

45.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

46.     Plaintiff also seeks to represent the subclass (the "California Class") as defined as follows:

> All persons in the California whose bank accounts were debited on a reoccurring basis by Defendant, after Defendant cancelled their insurance policies, within the one year prior to the filing of this Complaint.

47.     As used herein, the term "California Class Members" shall mean and refer to the members of the California Class described above.

48.     Excluded from the Class, and the California Class, (collectively, the

"Classes") are Defendants, its affiliates, employees, agents, and attorneys, and the Court.

49.   Plaintiff reserves the right to amend the Classes, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

50.   Upon information and belief, the proposed Classes are each composed of thousands of persons. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical.

51.   No violations alleged in this complaint are contingent on any individualized interaction of any kind between members of the Classes and Defendants.

52.   Rather, there are common questions of law and fact as to the members of the Classes that predominate over questions affecting only individual members, including but not limited to:

(a)   Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling insurance policies to Plaintiff and other members of the Classes;

(b)   Whether Defendants made misrepresentations with respect to policies and procedures following the cancellation of their insurance policies;

(c)   Whether Defendants profited from the sale of the insurance policies;

(d)   Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., and California Civ. Code § 1750, *et seq*.;

(e)   Whether the members of the Classes entered into agreements with Defendants to have automatic, or recurring, electronic payments drawn from their personal accounts to be paid to

Defendants after the cancellation of their insurance policies;

(f)     Whether Defendants requested, or provided, members of the Classes with written agreements memorializing the automatic or recurring electronic payments, after the cancellation of their insurance policies;

(g)     Whether the members of the Classes provided either a written or electronic signature authorizing the automatic or recurring electronic payments after the cancellation of their insurance policies;

(h)     Whether the members of the Classes were provided with, or executed, written agreements memorializing the automatic or recurring electronic payments after the cancellation of their insurance policies;

(i)     Whether Defendants took unauthorized payments from accounts of members of the Classes;

(j)     Whether Plaintiff and members of the Classes are entitled to equitable and/or injunctive relief;

(k)     Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and members of the Classes; and

(l)     The method of calculation and extent of damages for Plaintiff and members of the Classes.

53.     Plaintiff is a member of the classes he seeks to represent.

54.     The claims of Plaintiff are not only typical of all members of the Classes, they are identical.

55.     All claims of Plaintiff and the Classes are based on the exact same legal theories.

56.     Plaintiff has no interest antagonistic to, or in conflict with, the

Classes.

57.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Classes, because Plaintiff signed an agreement with Defendants during the Class Period. Defendants' unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all members of the Classes as demonstrated herein.

58.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent himself and the Classes.

59.    Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

### -- The Class --

60.    Plaintiff incorporates by reference each allegation set forth above.

61.    Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those products, professional or otherwise, so advertised at the price stated therein, or as so advertised."

62.    California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written or oral statements.

63.   Defendants misled consumers by making misrepresentations and untrue statements about its insurance policy agreements, namely, Defendants represented that it would not withdraw funds from consumers' bank accounts for a cancelled insurance policy fully intending to continue withdrawing funds from consumers' bank accounts after the insurance policy was cancelled, and made false representations to Plaintiff and other putative members of the Classes in order to solicit these transactions.

64.   Defendants knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other members of the Classes.

65.   As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the other members of the Classes have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendants' representations regarding the insurance policy agreements. In reasonable reliance on Defendants' false advertisements, Plaintiff and other members of the Classes signed agreements. As a result, Plaintiff and other members of the Classes ended up signing agreements that they believed Defendants would not continue to deduct funds from their bank accounts upon the termination of the insurance policy when they were in fact continue to withdraw funds and therefore Plaintiff and other members of the Classes have suffered injury in fact.

66.   Plaintiff alleges that these false and misleading written representations made by Defendants constitute a "scheme with the intent not to sell that personal property or those products, professional or otherwise, so advertised at the price stated therein, or as so advertised."

67.   Defendants advertised to Plaintiff and other putative members of the Classes, through written and oral representations and omissions made by

1  Defendants and its employees,  that cancellation of the policy would terminate the
2  requirement to pay for the insurance policy.

3      68.   Defendants knew that their products were not in fact what they
4  claimed them to be.

5      69.   Thus, Defendants knowingly sold products to Plaintiff and other
6  putative members of the Classes that were different than they claimed to be.

7      70.   The misleading and false advertising described herein presents a
8  continuing threat to Plaintiff and the members of the Classes in that Defendants
9  persist and continue to engage in these practices, and will not cease doing so unless
10  and until forced to do so by this Court. Defendants' conduct will continue to cause
11  irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled
12  to preliminary and permanent injunctive relief ordering Defendants to cease their
13  false advertising, as well as disgorgement and restitution to Plaintiff and all
14  members of the Classes of Defendants' revenues associated with their false
15  advertising, or such portion of those revenues as the Court may find equitable.

16                      **SECOND CAUSE OF ACTION**
17                **Violation of Unfair Business Practices Act**
18             **(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**
19                         **-- The Class --**

20      71.   Plaintiff incorporates by reference each allegation set forth above.

21      72.   Actions for relief under the unfair competition law may be based on
22  any business act or practice that is within the broad definition of the UCL. Such
23  violations of the UCL occur as a result of unlawful, unfair or fraudulent business
24  acts and practices. A plaintiff is required to provide evidence of a causal
25  connection between a Defendants' business practices and the alleged harm--that
26  is, evidence that the Defendants' conduct caused or was likely to cause substantial
27  injury. It is insufficient for a plaintiff to show merely that the Defendants' conduct

28

1   created a risk of harm. Furthermore, the "act or practice" aspect of the statutory
2   definition of unfair competition covers any single act of misconduct, as well as
3   ongoing misconduct.

### UNFAIR

5       73.     California Business & Professions Code § 17200 prohibits any
6   "unfair ... business act or practice." Defendants' acts, omissions,
7   misrepresentations, and practices as alleged herein also constitute "unfair"
8   business acts and practices within the meaning of the UCL in that its conduct is
9   substantially injurious to consumers, offends public policy, and is immoral,
10  unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs
11  any alleged benefits attributable to such conduct. There were reasonably available
12  alternatives to further Defendants' legitimate business interests, other than the
13  conduct described herein. Plaintiff reserves the right to allege further conduct
14  which constitutes other unfair business acts or practices. Such conduct is ongoing
15  and continues to this date.

16      74.     In order to satisfy the "unfair" prong of the UCL, a consumer must
17  show that the injury: (1) is substantial; (2) is not outweighed by any countervailing
18  benefits to consumers or competition; and, (3) is not one that consumers
19  themselves could reasonably have avoided.

20      75.     Here, Defendants' conduct has caused and continues to cause
21  substantial injury to Plaintiff and members of the Class. Plaintiff and members of
22  the Class have suffered injury in fact due to Defendants' decision to continue
23  automatically deducting funds for an insurance policy that was cancelled. Thus,
24  Defendants' conduct has caused substantial injury to Plaintiff and the members of
25  the Classes.

26      76.     Moreover, Defendants' conduct as alleged herein solely benefits
27  Defendants while providing no benefit of any kind to any consumer. Such

28

deception utilized by Defendants convinced Plaintiff and members of the Classes that the Plaintiff and members of the Classes were no longer required to pay for an insurance policy that was cancelled. In fact, knowing that Defendants would continue automatically deducting funds from their bank accounts, the insurance policies advertised to Plaintiff and other putative members of the Classes were different than advertised, Defendant unfairly profited from their sale. Thus, the injury suffered by Plaintiff and the members of the Classes is not outweighed by any countervailing benefits to consumers.

77.     Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendants, falsely represented the agreements, these consumers suffered injury in fact due to Defendants' continued withdrawal of funds from their bank accounts. Defendants failed to take reasonable steps to inform Plaintiff and members of the Classes that Defendants cancelled their insurance policies without their knowledge, but continued to deduct funds from the consumers' bank accounts. As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the members of the Classes to purchase its products. Therefore, the injury suffered by Plaintiff and members of the Classes is not an injury which these consumers could reasonably have avoided.

78.     Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

79.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

80.     The test for "fraud" as contemplated by California Business and

Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

81.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendants. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they provided the products, even though the products contained no such feature. Plaintiff's reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public.

82.    As explained above, Defendants deceived Plaintiff and other members of the Class by misrepresenting the agreements.

83.    Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

84.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

85.    As explained above, Defendants deceived Plaintiff and other members of the Classes by representing that Defendant would not deduct funds from their bank accounts when the insurance policy was cancelled.

86.    Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and members of the Class to purchase their insurance products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendants not falsely advertised, marketed or misrepresented the products, Plaintiff and members of the Classes would not have purchased the products. Defendants' conduct therefore caused and continues to cause economic harm to

1    Plaintiff and members of the Classes.

2    87.    These representations by Defendants are therefore an "unlawful"

3    business practice or act under Business and Professions Code Section 17200 *et*

4    *seq.*

5    88.    Defendants has thus engaged in unlawful, unfair, and fraudulent

6    business acts entitling Plaintiff and members of the Classes to judgment and

7    equitable relief against Defendants, as set forth in the Prayer for Relief.

8    Additionally, pursuant to Business and Professions Code section 17203, Plaintiff

9    and members of the Classes seek an order requiring Defendants to immediately

10   cease such acts of unlawful, unfair, and fraudulent business practices and requiring

11   Defendants to correct its actions.

### THIRD CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq.*)

### -- The Class --

16   89.    Plaintiff incorporates by reference each allegation set forth above.

17   herein.

18   90.    Defendants' actions as detailed above constitute a violation of the

19   Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that

20   Defendants violated the following provisions of the CLRA:

21
22        a.  Representing that goods or products have sponsorship, approval,
            characteristics, ingredients, uses, benefits, or quantities which they do
23          not have or that a person has a sponsorship, approval, status, affiliation,
            or connection which he or he does not have. Cal. Civ. Code § 1770(5);
24
25        b.  Representing that goods or products are of a particular standard,
            quality, or grade, or that goods are of a particular style or model, if they
26          are of another. Cal. Civ. Code § 1770(7);
27
28

CLASS ACTION COMPLAINT

c. Advertising goods or products with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

91.    On or about April 10, 2018, through their Counsel of record, using certified mail with a return receipt requested, Plaintiffs served Defendants with notice of its violations of the CLRA, and asked that Defendants correct, repair, replace or otherwise rectify the goods and products alleged to be in violation of the CLRA; this correspondence advised Defendants that they must take such action within thirty (30) calendar days, and pointed Defendants to the provisions of the CLRA that Plaintiffs believe to have been violated by Defendants. Defendants have not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein. A true and correct copy is attached hereto as "Exhibit A."

## FOURTH CAUSE OF ACTION

### Violation of the Electronic Funds Transfer Act

### (15 U.S.C. 1693 *et seq.*)

92.    Plaintiff incorporates by reference each allegation set forth above.

93.    Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

94.    Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

95.    Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

96.    Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

97.    In multiple instances, Defendants have debited the bank accounts of Plaintiff and members of the Classes on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from the accounts of Plaintiff members of the Classes, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

98.    In multiple instances, Defendants have debited bank accounts of Plaintiff and members of the Class on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## MISCELLANEOUS

99.    Plaintiff and members of the Classes allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions

1    are excused.

2                        **REQUEST FOR JURY TRIAL**

3        100.  Plaintiff requests a trial by jury as to all claims so triable.

4                           **PRAYER FOR RELIEF**

5        101.  Plaintiff, on behalf of himself and the Classes, requests the following

6    relief:

7                (a)    An order certifying the Classes and appointing Plaintiff as

8                       Representative of the Classes;

9                (b)    An order certifying the undersigned counsel as Class Counsel;

10               (c)    An order requiring Defendants, at their own cost, to notify all

11                      Class Members of the unlawful and deceptive conduct herein;

12               (d)    An order requiring Defendants to engage in corrective

13                      advertising regarding the conduct discussed above;

14               (e)    Actual damages suffered by Plaintiff and members of the

15                      Classes as applicable or full restitution of all funds acquired

16                      from Plaintiff and members of the Classes from the sale of

17                      misbranded Class Products during the relevant class period;

18               (f)    Punitive damages, as allowable, in an amount determined by

19                      the Court or jury;

20               (g)    Any and all statutory enhanced damages;

21               (h)    All reasonable and necessary attorneys' fees and costs provided

22                      by statute, common law or the Court's inherent power;

23               (i)    Pre- and post-judgment interest; and

24               (j)    All other relief, general or special, legal and equitable, to which

25                      Plaintiff and members of the Classes may be justly entitled as

26                      deemed by the Court.

27

28

CLASS ACTION COMPLAINT

1

Dated: June 20, 2018                    Respectfully submitted,

2

LAW OFFICES OF TODD M. FRIEDMAN , PC

3

4

By: /s Todd. M. Friedman

5

TODD M. FRIEDMAN, ESQ.

6

Attorney for Plaintiff TROY KELLY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

CLASS ACTION COMPLAINT

# LAW OFFICES OF TODD M. FRIEDMAN, P.C.

**ATTORNEYS FOR CONSUMERS**
21550 OXNARD ST., SUITE 780
WOODLAND HILLS, CA 91367
877-206-4741 TOLL FREE
866-633-0228 FACSIMILE
CALIFORNIA OFFICE
WWW.TODDFLAW.COM

E-MAIL: TFRIEDMAN@TODDFLAW.COM

WRITER LICENSED IN:
CALIFORNIA

April 10, 2018

**Via U.S. Certified Mail and Email**
PRIMERICA, INC.
c/o Maureen Middleton
1 Primerica Parkway,
Duluth, GA 30099

PRIMERICA, INC.
1 Primerica Parkway,
Duluth, GA 30099

**Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152 and Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§1782(a)(2)**

Re: *Troy Kelly, individually, and on behalf of all others similarly situated v. Primerica, Inc., and DOES 1-10, inclusive*

To Whom It May Concern:

Please be advised that our office represents Troy Kelly ("Plaintiff"), and other similarly situated individuals, in pursuing class action wide legal claims against the Primerica, Inc. ("Defendant"), for violations of the Consumer Legal Remedies Act ("CLRA") and California Business and Professions Code §17200 ("BPC").

Thus, please accept this correspondence as notice pursuant to the CLRA, of Defendants' violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below.

1

Please review the violations set forth below and contact our offices immediately, to discuss settlement.


## Facts

In or around August 2017, Plaintiff purchased an insurance policy for his mother from Defendant. During the negotiations, Plaintiff provided his debit card information to Defendant, in order to sign up for an auto-pay feature. The same month, Defendant cancelled Plaintiff's insurance policy without notifying Plaintiff, but continued to deduct $120 from his checking account for the insurance policy. Defendant represented that it will notify Plaintiff of any changes in the terms and conditions of the insurance policy Plaintiff purchased.

However, the aforementioned representations were false, misleading, and outright deceptive. Defendant did intend to deduct funds from Plaintiff's bank account after cancelling the transaction with Plaintiff. Defendant represented that no money would be deducted from Plaintiff's account, after the insurance policy was cancelled, however, Defendant continued to deduct an amount of $120 for a period of five (5) months. Such representations are material to Plaintiff's, as well as that of other similarly situated consumer's, decision to transact with Defendant. That is, had Plaintiff known that Defendant would continue to deduct funds from his bank account after the insurance policy was cancelled, Plaintiff would not have transacted with Defendant. Furthermore, Plaintiff had no reasonable opportunity to uncover such deception prior to transacting with Defendant

Plaintiff has been harmed economically as an actual and proximate result of Defendant's deception, and she therefore requests recompense as stated in this letter.


## CLRA (*Cal. Civ. Code* §17500 et seq.) Violations

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Section 1770(a)(5) of the CLRA prohibits anyone from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."  As discussed above, Defendant's acts and practices constitute misrepresentations regarding the uses, and characteristics of its product.

2. Section 1770(a)(7) of the CLRA prohibits anyone from "[r]epresenting that goods or

2

services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By falsely marketing, advertising, and representing the product, Defendant lead Plaintiff and Class Members to believe that the product was of a particular quality, when they in fact was not.

3. Section 1770(a)(9) of the CLRA prohibits anyone from "[a]dvertising goods or services with intent not to sell them as advertised." Defendant falsely advertised and marketed the product as having certain characteristics, when in fact they sold, and intended to sell this product with different characteristics.

4. Section 1770(a)(14) of the CLRA prohibits anyone from "[r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve...." Defendant's acts and practices constitute misrepresentations regarding the rights, remedies, or obligations involved with the product.

5. Section 1770(a)(16) of the CLRA prohibits anyone from "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." Defendant misrepresented that the product as being of a certain quality that it in fact was.

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages and reasonably attorney's fees and costs. *Cal. Civ. Code* §1788 (a) and (d).

By engaging in the conduct detailed above, DEFENDANT violated subsections (1), (5), (7), (9), (14), and (16) of the CLRA, thereby entitling Troy Kelly and similarly situated class members to the recovery of actual damages, punitive damages, attorney's fees and costs.

### CBPC (*Cal. Bus. Prof. Code* §17200)

The CPBC §17200 prohibits unlawful, unfair or fraudulent business acts or practices, and subjects anyone engaging in such conduct to a civil penalty of $2,500 for each violation thereof. *Cal. Bus. Prof. Code* §§17200 and 17206. Further, any person may bring an action to enjoy or restrain any

3

violation of this act and recover actual damages resulting from such violations. *Cal. Bus. Prof.
Code* §4381(b)-(c).

DEFENDANT's conduct, as detailed above, violate numerous provisions of the CLRA;
consequently, said conduct constitutes unlawful business practices. Further, to the extent that
DEFENDANT sold its product to Troy Kelly and similarly situated consumers without the intent
to sell them with the terms as represented, said conduct constitutes fraudulent and unfair business
practices, all of which subjects DEFENDANT to statutory penalties of $2500 per each class
member, as well as actual damages, and attorney's fees and costs.

## Class Potential

At this stage, DEFENDANT's fraudulent and deceptive business practices have impacted
thousands of consumers throughout the nation. Thus, we anticipate a nation-wide class of
thousands of consumers whom Tory Kelly will more than adequately represent the conduct
detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon
certifying a class, we will seek not only actual damages, but punitive damages and statutory
damages, in addition to attorney's fees and costs. DEFENDANT is facing seven-figure liability,
at the very least.

## Demand

We intend to take this matter up as a class action, and therefore expect that any offers to settle this
case must contemplate class-wide settlement. Please contact our offices within twenty (21) days
of your receipt of this correspondence, to discuss settlement. Also, please be aware of the CLRA
notice provided herein and that you now have thirty (30) days to cure the defects described herein
before we file a lawsuit for violation of the CLRA.


Regards,


Todd M. Friedman, Esq.
Attorney at Law

4